**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVIA FUENTES MAYA, | No. 08-74264 |
| Petitioner, | Agency No. A095-724-919 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Elvia Fuentes Maya, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's removal order.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law and constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

Fuentes Maya does not challenge the BIA's determination that her conviction for violating Cal. Welf. & Inst. Code § 10980(c)(2) qualifies as a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). The BIA therefore properly concluded that she was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C). Fuentes Maya's contention that her conviction was reduced to a misdemeanor by operation of California Penal Code § 17(b) and therefore qualified for the petty offense exception is unavailing. *See Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 844-45 (9th Cir. 2003).

The denial of Fuentes Maya's application for cancellation of removal did not violate due process, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation), and her equal protection claim fails, *see Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-64 (9th Cir. 2002) (petitioners raising an equal protection challenge have the burden to negate "every conceivable basis which might support [a legislative classification] . . . whether or not the basis has a foundation in the record").

**PETITION FOR REVIEW DENIED.**